EILEEN T. GALLAGHER, P.J., DISSENTING:
 

 {¶ 129} I concur with the majority's resolution of appellant's first assignment of error. I respectfully dissent, however, from the majority's finding in appellant's second assignment of error that the Trustees breached their duty of impartiality. I further dissent from the majority's conclusion that appellants are entitled to reasonable attorney fees, costs, and expenses as a result of the Trustees alleged breach of their duty to "promptly respond to a beneficiaries request for information related to the administration of the trust."
 

 {¶ 130} Regarding the merits of appellant's declaratory judgment action, I agree with the majority's finding that the Club Members are not beneficiaries under the
 Trust Deed and, therefore, have no legal right to access the subject beach. Logically, the trial court raised several persuasive arguments concerning the nature of the Clifton Club and its relationship with its members. As the court stated,
 

 It is illogical to reason that the [Clifton] Club, as a lot owner, has a right to use common land deeded to it, but that its members would not also have this privilege. What is a club without its members? A building, a simple structure, cannot enjoy a beach. People can. And for what reason would someone be a Club [M]ember if they could not enjoy the legal benefits provided to the [Clifton] Club; in fact, that is the only reason a person would become a member.
 

 {¶ 131} However, while I recognize the trial court's position, our independent review of the relevant trust and the express language used therein requires us to find to the contrary. The trust simply does not contain any language from which this court can reasonably conclude that the members of the Clifton Club share the same legal rights as the Clifton Club itself. Accordingly, the trial court erred in awarding summary judgment in favor of the appellees. It is my hope that, on remand, the parties negotiate a fair and equitable agreement that would grant members of the Clifton Club access to the beach on a permissive basis.
 

 {¶ 132} With respect to appellant's motion to remove the trustees, I respectfully dissent from the majority's conclusion that the Trustees breached their duty of impartiality by "taking sides" with the Clifton Club throughout this case. In my view, the Trustees' actions were not predicated on the "taking of sides," but were motivated by their obligation to defend and uphold the purpose of the Trust Deed in accordance with the information and legal opinions they had in front of them at the time this action was initiated.
 

 {¶ 133} Nevertheless, even if the Trustees were operating in good faith, they were not relieved of their duty to inform, report, and promptly respond pursuant to R.C. 5808.13. With that said, I concede that the evidence submitted in this matter demonstrates that the Trustees may have breached their fiduciary duty to promptly respond by initially denying appellants' access to certain trust-related information upon a reasonable request.
 

 {¶ 134} From this record, however, it is difficult to determine the extent to which the Trustees' inaction harmed the appellants. The majority states that the Trustees conduct "impeded equal access to necessary information for an equitable resolution, thus causing injury." After careful consideration, I cannot say the Trustees' conduct in this case prevented an equitable resolution of this litigation.
 

 {¶ 135} Here, the record reflects that the Trustees provided appellants with over 12,000 pages of copied Trust documents "via disc" in the course of discovery. To the extent appellants argue that the Trustees breached their fiduciary duties to the Beneficiaries by failing to grant access to materials that were alleged by the Trustees to be privileged, I note that this issue was adequately addressed and resolved by the trial court following appellant's April 2015 motion to compel discovery. The Trustees were ordered to produce the original trust documents for inspection and were required to produce three of the eight trust documents addressed in appellants' motion to compel. There is nothing in this record to suggest the Trustees did not comply with the trial court's August 2015 discovery order. Moreover, appellants do not appeal from the trial court's order.
 

 {¶ 136} In short, it is my belief that the appellants were furnished with the necessary
 information to protect their interests in this case-the precise goal of R.C. 5808.13. Under these circumstances, I do not believe the pillars of justice and equity require the Trustees to pay reasonable costs, expenses, and attorney fees.